IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAJSHUN CLARK,
    Petitioner,
vs.                               CASE NO.   10-CF-015661 (Lee County)
MARK INCH,
    Respondent, Secretary of the Florida Department of Corrections,
_____/

2:21-cv-68-FtM-38MRM

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. §2254

COMES NOW the Petitioner, Rajshun Clark, a Florida prisoner proceeding *pro se*, and moves this Honorable Court to enter a Writ of Habeas Corpus directing the Respondent, to produce the body of the named Petitioner before this Honorable Court.

### I.    PROCEDURAL HISTORY

1. Petitioner, Rajshun Clark, is presently incarcerated at the Charlotte Correctional Institute in Punta Gorda, Florida. His DOC number is Y47302.

2. The Respondent is Mark Inch, Secretary of the Florida Department of Corrections, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.

3. The Petitioner was arrested on March 26, 2010, and was charged by Information of Robbery with a Firearm on April 26, 2010.

4. The Petitioner, represented by Brian Edwards, Esq., proceeded to trial, which commenced on July 12, 2011. He was convicted as charged. On September 7, 2011, the Petitioner was sentenced to fifteen (15) years in the Department of Corrections, with ten (10) years as a mandatory minimum, followed by five (5) years of probation, a split sentence.

5. On October 4, 2011, the Petitioner filed a Notice of Appeal. The Second District court of Appeals affirmed the Petitioner's conviction and sentence. The Second District Court of

1

Appeals issued a mandate on September 18, 2013.

6. The Petitioner filed a *pro se* motion for Post-Conviction Relief, pursuant to Florida Rule of Criminal Procedure 3.850 on August 24, 2015. The motion was filed within the two-year time limit of the Second District's mandate affirming the appeal.

7. The Court determined the motion was timely, but facially insufficient. An order was rendered on September 1, 2015, giving the Petitioner until November 2, 2015, to cure the deficiencies and file an amended motion.

8. This Order never reached the *pro se* Petitioner. An envelope containing the copy of Court's Order addressed to the Petitioner was returned with an insufficient address. A copy of the returned envelope was filed with the Court on September 10, 2015.

9. On October, 16, 2015, the Petitioner sent an inquiry to the Clerk of Court. He inquired if the Clerk had received his August 24, 2015, Motion for Post-Conviction Relief. In response, the Clerk sent a form letter indicating that the Petitioner's motion had been filed on September 1, 2015. The September 1, 2015 Order was not included in the Clerk's response.

10. The Clerk's office issued a similar form on November 7, 2015, five (5) days after the Court's deadline, and included a "one-time courtesy copy" of the returned mail filed on September 9, 2015. This letter did include a copy of the September 1, 2015 Order; however, the deadline had since passed.

11. In 2016, the Petitioner hired Thomas Busatta, Esq., to assume his representation for the post-conviction motion. Mr. Busatta filed an amended post-conviction motion on July 6, 2016. This motion did not include recitation of the above timeline, and did not indicate that the Petitioner had not received the September 1, 2015 order. The Court was left with

no explanation for the motion being filed more than two years after the mandate and the Court denied the July 6, 2016 motion as untimely and procedurally barred.

12. Robert Harris, Esq. was then hired, and a motion for extension of time to file Motion for Post-Conviction Relief pursuant to Florida Rule of Criminal Procedure 3.850 was filed on January 4, 2017, and granted by the Court on March 14, 2017. The new deadline for filing the amended motion was May 19, 2017. The amended motion was filed on May 15, 2017.

13. After an evidentiary hearing, the Amended Motion for Post-Conviction Relief was denied on October 8, 2018.

14. On November 2, 2018, the Petitioner filed an Appeal to the Second District Court of Appeals, to review the denial of the Petitioner's second Motion for Post-Conviction Relief. The Appeal was affirmed per curiam on March 9, 2020.

## II.   JURISDICTION

Petition for a writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2254(a); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his right as guaranteed by the United States Constitution. Accordingly, this Court has jurisdiction over the action.

## III.   STANDARD OF REVIEW

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. §2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, §104, 110 Stat. 1214, 1218-19. This Court cannot grant relief unless the decision of the Florida Court of Appeals was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined of the Supreme

Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindseay, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). The Supreme Court has explained that "clearly established Federal law" in §2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." Therefore, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" When a claim falls under the "unreasonable application" prong, a state court's application of the Supreme Court precedent must be "objectively unreasonable," "not just incorrect or erroneous." Lockyer, at 1174 (citations omitted). The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher standard under which this Court must evaluate the prejudicial impact of constitutional error in a state-court criminal trial. This Court must determine whether the error had a substantial and injurious effect or influence in determining the jury's verdict.

In applying this standard, this Court reviews the last reasoned decision by the state court. Additionally, the state court's findings of facts must be presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. §2254€(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d. 1380, 1388 (9th Cir. 1997). Additionally, the Petitioner had to have exhausted all state judicial remedies, giving the state court the initial opportunity to correct the state's alleged constitutional deprivations. 28 U.S.C. §2254(b)(1). Because the Petitioner has exhausted all available state judicial remedies, the Petitioner files this Writ of Habeas Corpus in federal court.

4

## IV.     PETITIONER'S CLAIMS

GROUND 1:     Trial court erred in allowing hearsay statement or testimony during trial in violation of Petitioner's right to confront witnesses guaranteed under the Sixth Amendment.

In ground one, the Petitioner contends that the trial court erred in allowing hearsay statement from the co-defendant's sister of the Petitioner, telling the victim that the Petitioner was the perpetrator of the robbery. The admission to the victim to testify to said statement constitute hearsay and deprives the Petitioner of his Sixth Amendment right to confront witnesses against him because co-defendant's sister, Shalanda Johnson, was not present to confirm or deny said statement to the victim, and because Shalanda Johnson allegedly furnished evidence of the Petitioner's guilt of the robbery. The Sixth Amendment Confrontation Clause guarantees a criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. The defendants must able to question witnesses who have testimony against them; thus, the Confrontation Clause bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity to cross-examination." Crawford v. Washington, 541 U.S. 36, 51-54 (2004). In order to trigger a violation, a statement must be both testimonial and hearsay. United States v. Napier, 787 F.3d 333,348 (6th Cir. 2015).

Here, the statement made to the victim by Shalonda Johnson should have been excluded at trial because it is both testimonial and hearsay. Further, the statement does not fall into any hearsay exceptions, which would lead to admissibility at trial. Thus, the Petitioner's Confrontation Clause right under the Sixth Amendment was violated.

GROUND TWO:     Ineffective Assistance of Counsel

In ground two, the Petitioner alleges that his attorney failed to file a Motion to Suppress which was in violation of Petitioner's right to a fair and impartial proceedings guaranteed under the Due Process Clause of the Sixth Amendment.

The Petitioner contends that the trial counsel failed to file a motion to suppress the third-party hearsay statement made to the victim, which the victim was allowed to testify during the trial. Had counsel filed a Motion to Suppress, the following facts would have been discovered:

a. Prior to third party hearsay statement to the victim, the victim had already identified another individual as the perpetrator of the crime.

b. The victim testified that the perpetrator had a partial covering over his face.

c. The Petitioner was not given the opportunity to confront the third party whose statement to the victim was the only evidence against the Petitioner in violation of the Sixth Amendment.

d. The Petitioner contends that had the trial counsel filed a Motion to Suppress statements, there would not have been a trial because the hearsay statement would have been found inadmissible.

Ineffective assistance of counsel standard was set out in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Under <u>Strickland</u>, to show ineffective assistance of counsel, the Petitioner must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. The petitioner carries the burden of proving by a preponderance of evidence that counsel's performance was unreasonable and that he suffered prejudice as a result thereof. Id. at 687. A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. The Petitioner must show that the defense counsel's representation was not within the range of competence demanded of

attorneys in criminal cases and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.

GROUND THREE:    Ineffective assistance of counsel

In ground three, the Petitioner asserts that Mr. Edwards' failed to file a motion to suppress the prior identification made by the victim in this case. The victim chose the Petitioner's photograph out of a six-man photo lineup. The photo pack utilized by law enforcement was made up of six photographs: five depicted black males with long hair, while the Petitioner's photo was with short hair. Additionally, the positioning of the Petitioner's face was much closer to the camera than the other photographs. Both differences had the effect of making the Petitioner's photograph stand out from the others. It is important to note that prior to the lineup, the victim had already identified a different individual as the perpetrator. It was not until two or three days later that the victim picked the Petitioner's photograph out of the pack. The Petitioner contends that had the identification been suppressed through an appropriate motion, the outcome at trial would have been different. Had Mr. Edwards filed a motion to suppress, it would have brought to light that the victim was unaware of who the perpetrator was, a fact well-known to Mr. Edwards. But because of Mr. Edwards' ineffective assistance of counsel and failure to file the appropriate motion to suppress, the Petitioner's right to Fourteenth Amendment, Section 1 was violated because he was not afforded a fair and impartial proceeding guaranteed under the Due Process Clause, and he was deprived of his liberty, a violation of his constitutional Sixth Amendment right.

The photo pack utilized in the Petitioner's case was unnecessarily suggestive, and Mr. Edwards' failure to file a motion to suppress the resulting identification raises a sufficient claim for ineffective assistance of counsel. "An allegation that trial counsel provided ineffective

assistance by failing to file a motion to suppress is a legal sufficient claim." Spencer v. State, 889 So.2d 868, 870 (Fla. 2d DCA 2004).

"Suggestive confrontations are disapproved because they increase the likelihood of misidentification, and unnecessarily suggestive ones are condemned for the further reason that the increased chance of misidentification is gratuitous." Neil v. Biggers, 409 U.S. 188, 198 (1972). Florida law provides a two-part test for the suppression of an out-of-court identification: "(1) whether the police used an unnecessarily suggestive procedure to obtain the out-of-court identification; and (2) if so, considering all the circumstances, whether the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification." Fitzpatrick v. State, 900 So.2d 490, 517-18 (Fla.2005) (quoting Rimmer v. State, 825 So.2d 304, 316 (Fla. 2002)). The photo-line up shown to the victim was "unnecessarily suggestive," and the circumstances indicate that there was a "substantial likelihood of irreparable misidentification." The fact that the victim first identified a different individual, and two or three days later picked out the Defendant's photograph indicates that there was a substantial likelihood of irreparable misidentification. The failure of Mr. Edwards to file the appropriate motion in this case falls well below the standard of reasonable professional conduct, as set out in Strickland v. Washington, and presents a facially sufficient claim for ineffective assistance of counsel.

GROUND FOUR:   Trial judge committed a reversable error by permitting the state to introduce evidence that the Petitioner had received traffic citations prior to alleged offense, which had no relevance and is in violation of the Fifth Amendment and Section 1 of the Fourteenth Amendment.

In ground four, the Petitioner contends that the trial judge committed reversable error by permitting the state to submit evidence that had no relevance to the Petitioner's alleged offense

in violation of the Fifth Amendment and section 1 of the Fourteenth Amendment, the right to a fair and impartial proceedings. Because the Petitioner's co-defendant and the victim were long time friends, and over defense counsel's relevance objection, the State was permitted to introduce citations for two vehicles, a 2001 Buick Park Avenue and a 2004 gold Ford Explorer both registered to Mr. Johnson's sister, Shalonda Johnson. Both of the traffic citations were not criminal and were not from the day of the robbery, but before and after the robbery respectively. The trial judge's action in overruling the defense's objection denied the Petitioner's right to a fair and impartial proceeding guaranteed under the Due Process Clause of the Fifth Amendment and Section 1 of the Fourteenth Amendment.

## CONCLUSION

In the light on the forgoing arguments, the Petitioner respectfully requests that this Honorable Court vacate his judgment and conviction in this cause, and this cause be remanded for further proceedings or a new trial.

Respectfully submitted,

Rajshun Clark #Y47302
Charlotte Correctional Institute
33123 Oil Well Rd.
Punta Gorda, FL 33955
Fort Myers Work Camp